**EXHIBIT 01-1**

**Brief in Support of DeMert Brands, LLC's Motion to Transfer**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In re: DEMERT BRANDS
DRY SHAMPOO LITIGATION                                   MDL No. 1:22-P-116

**Brief of DeMert Brands, LLC in Support of its Motion for Transfer of Actions to the Southern District of Florida Pursuant to 28 U.S.C. § 1407 for Consolidated or Coordinated Pretrial Proceedings**

Pursuant to 28 U.S.C. § 1407 and Rule 7.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, DeMert Brands LLC respectfully submits its brief in support of its motion to transfer the cases indicated in the motion to the United States District Court for the Southern District of Florida, for consolidation for pretrial purposes with a pending action in that district: *Janine Zamora vs. DeMert Brands, LLC,* Case 0:22-cv-62054-AHS (Judge Raag Singhal). DeMert Brands, LLC additionally seeks a ruling that any tag-along cases that subsequently may arise  be transferred to that district as well.

## BACKGROUND

DeMert Brands, LLC sells dry shampoo products which are applied to hair via aerosol sprays. The plaintiffs in the (presently) four pending cases each assert that (1) there is benzene in the products that DeMert Brands, LLC is marketing, and that (2) this presents cancer risks to customers. The four actions involve overlapping putative classes in that each seeks certification of a nationwide class of DeMert customers who have purchased and/or used the dry shampoo products. The cases are:

- In the Southern District of Florida: *Janine Zamora vs. DeMert Brands, LLC,* Case 0:22-cv-62054-AHS (Judge Raag Singhal);

- In the Southern District of New York: *Mindy Collette v. DeMert Brands, LLC,* Case # 1:22-cv-09438-VSB (Judge Vernon S. Broderick);

- In the Northern District of Illinois: *Emily Evans v. DeMert Brands, LLC,* Case No. 1:22-cv-06300 (Judge Charles P. Kocoras); and

- In the District of South Carolina: *Alexis Morgan v. DeMert Brands, LLC,* Case No. 3:22-cv-03962 (Judge Donald C. Coggins Jr.).

Each of these cases relies on product testing by a company called Valisure which, it is contended, found unacceptable levels of benzene in DeMert Brands, LLC's shampoo products.

The reliability of that testing is a common issue across all the actions. Likewise, the accuracy of a citizen petition filed by Valisure with the United States Food and Drug Administration on May 25, 2021, relied on in each complaint, will be an issue in each case. Furthermore, as discussed below many of the claims for relief alleged in the four complaints are the same or similar.

## ARGUMENT

This Panel was created by Congress in 1968 to assist courts and judges in effectively managing related, complex civil matters. 28 U.S.C. § 1407 therefore allows it to transfer actions to any district for coordinated or consolidated pretrial proceedings, so long as the actions involve one or more common questions of fact, and the Panel determines that transfers "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.*

Judge Raag Singhal in the United States District Court for the Southern District of Florida presently presides over the Johnson & Johnson Aerosol Sunscreen Marketing, Sales Practices and Products Liability Litigation, MDL Case No. 3015, and has made short work of it through efficient case management. The Panel issued its transfer order in that matter on October 8, 2021 and preliminary approval of a settlement was granted on March 25, 2022. The alleged presence of benzene in the aerosol sunscreen products was common to those transferred cases, as it is common as to aerosol dry shampoo products in the four cases identified against DeMert Brands, LLC. A transfer to Judge Singhal, should the Panel consider that appropriate, would put these actions in a court well equipped and experienced to handle them, particularly inasmuch as the Johnson & Johnson litigation—now almost concluded—involves similar claims of benzene risk.

The fact that each of the four cases is brought by a different law firm representing plaintiffs is another reason why efficiencies will result from transfer and common pretrial treatment. Also, in none of the actions has any determination yet been made as to lead or liaison counsel, nor are any motions pending other than DeMert Brands, LLC's motions to stay proceedings pending the Panel's determination as to transfer (which are or will be filed in each case).

**The Three Requirements of 28 U.S.C. § 1407 are Met**

1. <u>The Pending Cases Involve Common Questions of Fact.</u> While §1407 does not require complete identity (or even a majority) of common questions of fact to justify transfer, *see In re Zyprexa Products Liability Litigation*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004), the pending cases all revolve around the fundamental question of the nature of DeMert Brands, LLC's dry shampoo products and whether they present any benzene related hazards. The factual issues to be determined in each case are fundamentally the same, and transfer is appropriate. *See, e.g., In re Ephedra Products Liability Litigation,* 314 F.Supp. 2d 1373, 1375 (J.P.M.L. 2004).

Likewise, there is much overlap in the legal grounds asserted for relief. Each complaint seeks relief for purported unjust enrichment; three seek recovery under state trade practices and consumer fraud statutes; three seek recoveries for alleged breaches of express and implied warranties; all invoke federal statutes; and other counts overlap as well. While of course identity of issues is not a prerequisite to transfer, *see In re Falstaff Brewing Corp. Antitrust Litigation,* 434 F. Supp. 1225 (J.P.M.L. 1977), these overlapping theories clearly offer savings in party and court time and effort over individual handling of the actions in the various putative transferor districts.

2. <u>Transfer Will Further the Convenience of the Parties and Witnesses and Reduce the</u> <u>Totality of Judicial Labor Necessary to Resolve the Cases.</u> Convenience for the parties, particularly as to the appearance of witnesses and the location of documents, will be enhanced in the Southern District of Florida because DeMert Brands, LLC has its principal place of business in Florida. This is a compelling consideration. *See In re Philips Recalled Cpap, Bi-Level Pap, and Mechanical Ventilator Products Liability Litigation*, 2021 WL 4704801 (U.S.J.P.M.L. 2021); *In re Blackbaud, Inc., Customer Data Security Breach Litigation*, 509 F. Supp. 3d 1362 (U.S.J.P.M.L. 2020); *In re Wells Fargo Auto Insurance Marketing and Sales Practices Litigation*, 273 F. Supp. 3d 1383 (U.S.J.P.M.L. 2017).

And even though DeMert Brands, LLC is located in the Middle District of Florida, its proximity to the Southern District of Florida offers substantial efficiencies. Transfers have been made when a defendant's facilities are in a neighboring district, *In re Zostavax (Zoster Vaccine Live) Products Liability Litigation,* 330 F. Supp. 3d 1378 (U.S.J.P.M.L. 2018); when witnesses are

not in the transferee district but nearby, *In re Jiffy Lube International, Inc., Text Spam Litigation*, 802 F. Supp. 2d 1367 (J.P.M.L. 2011); and when documents are to be found in an adjacent district, *In re 1980 Decennial Census Adjustment Litigation*, 506 F. Supp. 648, 650 (J.P.M.L. 1981).

Moreover, the cases are all recently filed and no discovery or substantive proceedings have yet occurred in them. If they are permitted to proceed separately, much of the discovery will be the same in each case because of the many overlapping issues of fact and law, resulting in unnecessary costs to DeMert Brands, LLC and unnecessarily duplicative work by the assigned district judges. The savings to be realized by transfer do not only inure to DeMert Brands, LLC; pretrial transfer will limit discovery delays and costs for the plaintiffs and permit plaintiffs' counsel to coordinate their efforts and share the pretrial workload. It is logical and economical to transfer the cases to the Southern District of Florida so that a single pretrial schedule can be implemented, minimizing costs and inconvenience.

3. Transfer Will Promote Just and Efficient Conduct of the Cases. For the reasons described above, transfer is in the best interest of the parties and the respective courts. There is no reason to waste judicial resources in reviewing the same arguments and addressing the same discovery disputes, if any, in separate cases. This applies in particular to the issue of class certification, which is sought in each of the cases, and as to which inconsistent district court decisions could result in procedural chaos.

Furthermore, at bottom, these cases will be determined based on the scientific fact of whether the claims have any justified support, which necessary will require resort to expert testimony. Those experts will testify on the same issues in each of the cases, which supports even more the reasons for transfer. *See In re Power Morcellator Products Liability Litigation*, 140 F.Supp.3d 1351, 1353 (J.P.M.L. 2015) (overlapping expert discovery supported centralization). Among other common expert testimony subjects, the testing methodologies employed by Valisure that are the stated basis for its May 25, 2021 citizen petition to the FDA, relied on in each complaint, will be at the core of the issues in each case.

4

**The Southern District of Florida is the Appropriate Transferee
District and Judge Singhal is the Appropriate Transferee Judge**

In addition to the factors identified above, the Southern District of Florida offers through Judge Singhal MDL experience essential to manage a similar multidistrict case and the availability to do so. The presence of an experienced jurist is of course always a factor in determining the location of the transferee court. *In re Air Crash at Georgetown, Guyana on July 30, 2011*, 895 F. Supp. 2d 1355 (J.P.M.L. 2012). In the case of Judge Singhal, his present assignment to MDL Case No. 3015, the *Johnson & Johnson* benzene proceeding, is on the cusp of final resolution, and those actions share many similarities with those that are the subject of this motion. Also, Judge Singhal is already presiding over the pending Southern District of Florida litigation against DeMert Brands, LLC.

## CONCLUSION

For the reasons set forth herein, DeMert Brands respectfully requests that the Panel order that the *Collette, Evans*, and *Morgan* class actions, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to Judge Raag Singhal in the Southern District of Florida and consolidated and coordinated with the *Zamora* class action for all pretrial proceedings.

Dated: November 22, 2022                    Respectfully submitted,

                                            *s/ Thomas Meeks*
                                            Thomas Meeks (FL Bar No. 314323)
                                            Carlton Fields
                                            2 MiamiCentral
                                            700 N.W. 1st Ave., Suite 1200
                                            Miami, FL 33136
                                            Tel: 305-530-4063
                                            Fax: 305-530-0055
                                            tmeeks@carltonfields.com

                                            and

                                            D. Matthew Allen (FL Bar No. 0866326)
                                            Carlton Fields
                                            Corporate Center Three at International Plaza
                                            4221 West Boy Scout Blvd
                                            Suite 1000
                                            Tampa, FL 33607
                                            Tel: 813-223-7000
                                            Fax: 813-229-4133
                                            mallen@carltonfields.com

                                            *Attorneys for DeMert Brands, LLC*